UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) JIN HUA ZHANG,<br>(2) LICHENG HUANG,<br>(3) FENG CHEN,<br>(4) ROGER LUO,<br>(5) THONG NGUYEN,<br>(6) AUGUSTIN VILLA,<br>(7) MARIANO SANTANA,<br>(8) RONGJIAN LI,<br>(9) QINLIANG CHEN,<br>(10) YANBING CHEN, and<br>(11) XIONG LIN,<br>         Defendants | Criminal No.    22-cr-10279<br><br>Violations:<br><br>Count One: Money Laundering Conspiracy<br>(18 U.S.C. § 1956(h))<br><br>Count Two: Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances<br>(21 U.S.C. § 846)<br><br>Money Laundering Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(1))<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853) |

INDICTMENT

COUNT ONE
Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

The Grand Jury charges:

From in or about May 2021 through at least in or about September 2022, in the District of Massachusetts, the Eastern District of New York, the District of Connecticut, the District of New Jersey, the Central District of California, the Middle District of Florida, and elsewhere, the defendants,

(1) JIN HUA ZHANG,
(2) LICHENG HUANG,
(3) FENG CHEN,
(4) ROGER LUO,
(5) THONG NGUYEN,

1

      (6) AUGUSTIN VILLA,
     (7) MARIANO SANTANA,
      (8) RONGJIAN LI,
    (9) QINLIANG CHEN and
     (10) YANBING CHEN,

conspired with each other and others known and unknown to the Grand Jury to conduct and attempt to conduct financial transactions, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, and the distribution of controlled substances, in violation of Title 21, United States Code, Section 841, and knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

  All in violation of Title 18, United States Code, Section 1956(h).

COUNT TWO
Conspiracy to Distribute and to Possess with Intent to Distribute
Controlled Substances
(21 U.S.C. § 846)

The Grand Jury further charges:

From at least in or about May 2022 through at least in or about September 2022, in the District of Massachusetts, the District of New Jersey, and elsewhere, the defendants,

(1) JIN HUA ZHANG,
(10) YANBING CHEN, and
(11) XIONG LIN,

conspired with each other and other persons known and unknown to the Grand Jury to knowingly and intentionally distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count Two involved five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(ii) is applicable to this Count.

It is further alleged that, with respect to Count Two, five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to (1) JIN HUA ZHANG and (10) YANBING CHEN. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(ii) is applicable to defendants (1) JIN HUA ZHANG and (10) YANBING CHEN.

It is further alleged that, with respect to Count Two, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to (11) XIONG LIN. Accordingly, Title 21, United

States Code, Section 841(b)(1)(B)(ii) is applicable to defendant (6) XIONG LIN.

It is further alleged that the offense charged in Count Two involved 3,4-Methylenedioxymethamphetamine, also known as "MDMA" and "ecstasy," a Schedule I controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(C) is applicable to this Count.

It is further alleged that, with respect to Count Two, 3,4-Methylenedioxymethamphetamine, also known as "MDMA" and "ecstasy," a Schedule I controlled substance, was reasonably foreseeable by, and is attributable to (1) JIN HUA ZHANG and (6) XIONG LIN. Accordingly, Title 21, United States Code, Section 841(b)(1)(C) is applicable to defendants (1) JIN HUA ZHANG and (11) XIONG LIN.

All in violation of Title 21, United States Code, Section 846.

## MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

1.      Upon conviction of the offense in violation of Title 18, United States Code, Section 1956(h), set forth in Count One, the defendants,

> (1) JIN HUA ZHANG,
> (2) LICHENG HUANG,
> (3) FENG CHEN,
> (4) ROGER LUO,
> (5) THONG NGUYEN,
> (6) AUGUSTIN VILLA,
> (7) MARIANO SANTANA,
> (8) RONGJIAN LI,
> (9) QINLIANG CHEN and
> (10) YANBING CHEN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property.

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendants --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

<u>DRUG FORFEITURE ALLEGATION</u>
(21 U.S.C. § 853)

1.    Upon conviction of the offense in violation of Title 21, United States Code, Section 846, set forth in Count Two, the defendants,

> (1) JIN HUA ZHANG,
> (10) YANBING CHEN, and
> (11) XIONG LIN,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

2.    If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
CHRISTOPHER POHL
BRIAN A. FOGERTY
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF MASSACHUSETTS

District of Massachusetts: October 13, 2022

Returned into the District Court by the Grand Jurors and filed.

/s/ Dawn M. King 12:30pm
_____
DEPUTY CLERK

8